IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LEE CHARLES MILLSAP, JR.　　　　　　　　　　　　　　　　　　PETITIONER
ADC #113121

V.　　　　　　　　　NO. 5:12cv00401 JMM/JTR

RAY HOBBS, Director,　　　　　　　　　　　　　　　　　　　　RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Lee Charles Millsap, Jr., an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and a Motion to Proceed *In Forma Pauperis*. (Docket entries #1, #2.) In his Petition, he raises

various habeas claims challenging his 1998 convictions, in Pulaski County Circuit Court, for capital murder, terroristic threatening, and second-degree battery.[1] (Docket entry #2, at 2-7.)

Petitioner acknowledges that he challenged the same convictions in an earlier habeas action filed in the Eastern District of Arkansas. *See Millsap v. Norris*, E.D. Ark. No. 5:01cv00114 GH/JFF. On August 31, 2001, United States District Judge George Howard dismissed that case, with prejudice. *Id.* at docket entries #10, #11. Petitioner did not appeal the denial of habeas relief.

This Court's records also show that he subsequently filed two § 2254 habeas actions in the Eastern District of Arkansas, both of which were dismissed as successive petitions filed without receiving the required authorization from the Eighth Circuit Court of Appeals. *See Millsap v. Norris*, No. 5:09cv00311 JMM/JTR (E.D. Ark. Nov. 9, 2009); *Millsap v. Hobbs*, No. 5:11cv00152 JMM/JTR (E.D. Ark. Sept. 7, 2011).

On October 22, 2012, Petitioner initiated the current habeas action. For the reasons set forth below, the Court recommends that the Petition be dismissed, without prejudice, so that Petitioner may seek permission from the Eighth Circuit to file a successive habeas petition.

---

[1] Petitioner was sentenced to life imprisonment without the possibility of parole.

## I. Discussion

A second or successive § 2254 habeas petition must be dismissed unless the petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court. *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until an order of authorization is obtained from the Court of Appeals, the District Court has no jurisdiction to consider a successive petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

There is no evidence that Petitioner has sought or received authorization from the Eighth Circuit, pursuant to § 2244(b)(3)(A), to file a successive petition. Therefore, this Court is without jurisdiction to entertain his claims.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be GRANTED;

2.    This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (docket

entry #2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

3. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 30th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE